```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
```

In re:                                                    Case No. 14-03313-RNO
David John Wengert                                        Chapter 13
       Debtor                    **CERTIFICATE OF NOTICE**

District/off: 0314-1           User: REshelman           Page 1 of 1           Date Rcvd: Aug 14, 2017
                               Form ID: 3180W            Total Noticed: 16

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 16, 2017.
db             +David John Wengert,    2912 Brush Valley Road,    Glen Rock, PA 17327-7642
4568931        +ADD: BARCLAYS BANK DELAWARE,    125 S. WEST STREET,    WILMINGTON, DE 19801-5014
4568932         ADD: BETHESDA DERMATOPATHOLOGY LAB,    1730 ELTON ROAD,   SUITE 11,
                 SILVER SPRING, MD 20903-5724
4568934         ADD: JHU CLINICAL PRACTICE ASSOC.,    PO BOX 64896,    BALTIMORE, MD 21264-4896
4568936         ADD: NATIONAL CREDIT CORPORATION,    PO BOX 9156,    ALEXANDRIA, VA 22304-0156
4568935         ADD: NATIONAL CREDIT CORPORATION,    PO BOX 1022,    WIXOM, MI 48393-1022
4568937         ADD: PATIENT FIRST,    P.O. BOX 758941,    BALTIMORE, MD 21275-8941
4568939        +ADD: RECEIVABLES MANAGEMENT,    7206 HULL STREET RD,    SUITE 211,   RICHMOND, VA 23235-5826
4568940         ADD: RECEIVABLES MANAGEMENT SYSTEMS,    PO BOX 8630,    RICHMOND, VA 23226-0630
4568941         ADD: THE JOHNS HOPKINS HOSPITAL,    PO BOX 3475,    TOLEDO, OH 43607-0475
4568943         ADD: THE JOHNS HOPKINS HOSPITAL,    PO BOX 11756,    NEWARK, NJ 07101-4756
4568942        +ADD: THE JOHNS HOPKINS HOSPITAL,    2027 E. MONUMENT STREET,    BALTIMORE, MD 21205-2222
4568944         ADD: UNITED COLLECTION BUREAU INC.,    5620 SOUTHWYCK BLVD,    PO BOX 140190,
                 TOLEDO, OH 43614-0190
4519413       #+Deborah Ann Wengert,    1227 Sedge Court,    Pasadena, MD 21122-6376
4533698        +M & T Bank,   c/o KML Law Group, P.C.,    701 Market Street, Suite 5000,
                 Philadelphia, PA 19106-1541
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4568938        +E-mail/Text: colleen.atkinson@rmscollect.com Aug 14 2017 19:08:07
                 ADD: PATIENT FIRST C/O RMS,   P.O. BOX 8630,    RICHMOND, VA 23226-0630
                                                                                              TOTAL: 1

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4568933*       +DEBORAH ANN WENGERT,    1227 Sedge Court,    Pasadena, MD 21122-6376
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2017                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 14, 2017 at the address(es) listed below:
              Brent  Diefenderfer    on behalf of Debtor David John Wengert bdiefenderfer@cgalaw.com,
               tlocondro@cgalaw.com;scomegna@cgalaw.com;hlocke@cgalaw.com;rminello@cgalaw.com;kwengert@cgalaw.co
               m;kbrayboy@cgalaw.com;r48835@notify.bestcase.com
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com, dehartstaff@pamd13trustee.com
              John F Goryl    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              Joshua I Goldman    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Thomas I Puleo    on behalf of Creditor    M&T BANK tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 6
```

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **David John Wengert** | Social Security number or ITIN **xxx–xx–9985** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | |
| Case number:  **1:14–bk–03313–RNO** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

David John Wengert

August 14, 2017

**By the court:**

*(signed)* Robert N. Opel II

Honorable Robert N. Opel
United States Bankruptcy Judge

By: REshelman, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**